The appealing party has shown good grounds to reconsider the evidence. Upon much detailed reconsideration of the evidence, the undersigned reach somewhat different and additional facts and conclusions than those reached by the deputy commissioner. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
Accordingly, the undersigned find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. The parties stipulated that the Plaintiff sustained an injury by accident on or about January 17, 1979, and has been paid temporary total disability benefits up to the present time of the initial hearing and beyond; that defendant filed Industrial Commission Form 33 alleging, in part, that the Plaintiff was no longer temporarily totally disabled; that Plaintiff has been paid temporary total disability benefits at a compensation rate of $178.00 per week since the Plaintiff stopped work because of his injury; and that all medical records prior to the year 1992 were stipulated into evidence by the parties.
2. Defendant offered into evidence a witness, Ken Dorsch, who identified a videotape and certain photographs and testified from a written report and notes he had made at the time of the surveillance. Defendant also took the deposition testimony of Ronald Gioffre, M.D., orthopedic surgeon, of Greensboro, North Carolina and Lee A. Whitehurst, M.D., orthopaedic surgeon, of Raleigh, North Carolina. David Wiley, M.D., testified by way of deposition. Plaintiff took the depositions of Susan Paolucci, M.D., David Longo, Ph.D., Lyzette Velazquez, M.D., and William Snover, M.D., all affiliated with the Geisinger Medical Center. As part of certain deposition testimony, certain medical records were identified and included as a part of that deposition testimony.
**********
The issues to be determined by the undersigned are:
 (1) Is Plaintiff temporarily or permanently totally disabled as a result of the injury by accident of January 17, 1979?
 (2) Is Plaintiff entitled to receive psychiatric and psychological treatment?
 (3) Is Plaintiff entitled to treatment at an in-patient pain clinic?
 (4) Is Plaintiff entitled to mileage reimbursement for travel expenses related to medical treatment for his compensable injury?
 (5) Is Plaintiff's attorney entitled to attorney's fees to be taxed against the defendant pursuant to N.C. Gen. Stat. § 97-88.1?
Based upon the competent, credible, and convincing evidence of record, the undersigned make the following
FINDINGS OF FACT
1. Plaintiff, now fifty-seven years old and with a tenth grade education, experienced a compensable back injury on January 17, 1979, which ultimately led to surgery which left plaintiff with continuing pain.
2. Defendant has paid and continues to pay plaintiff temporary total disability compensation since 1979 at the rate of $178.00 per week. All medical records prior to 1992 were stipulated into evidence by the parties. This matter was initially brought to hearing on Defendant's Form 33, alleging plaintiff is no longer totally disabled.
3. In addition to plaintiff's continuing pain, he has suffered psychological problems as a result of the continuing physical problems from the compensable injury.
4. In 1992, Dr. Martin, plaintiff's then-treating physician, with the approval of defendant, transferred Mr. Johnson to the care of Dr. Snover. Dr. Snover wanted a more current second opinion of plaintiff, so he referred plaintiff to Dr. Paul Lin. Dr. Lin examined plaintiff and found plaintiff to be totally and permanently disabled in his opinion. Dr. Snover then referred Plaintiff to Dr. Longo for Pain Management and Dr. Paolucci for psychological treatment. Defendant has not approved this treatment. Dr. Paolucci has prescribed Prozac and Desyrel. Dr. Snover continued to request permission to enroll plaintiff in the pain management program. Defendant has denied the request.
5. Pursuant to an order of the Industrial Commission dated October 6, 1992, the Plaintiff presented himself for an independent medical examination requested by defendant to be performed by Dr. Gioffre on November 19, 1992. Defendants sent to Dr. Gioffre a surveillance videotape, which was not copied to plaintiff. Dr. Gioffre gave Plaintiff a fifteen percent permanent partial disability rating of the spine. However, Dr. Gioffre clearly admitted that his other opinions concerning Plaintiff's abilities were based upon the videotape he reviewed. Therefore, his opinions were tainted to the extent that they cannot be considered by the undersigned.
6. In a letter to plaintiff of February 18, 1993, Dr. Gioffre suggested that it would be well for another surgeon to see Plaintiff. Based upon this letter, defendant filed the appropriate motion with the Industrial Commission and an order was entered permitting the Plaintiff to be examined by Lee Whitehurst, M. D., Raleigh, North Carolina. Pursuant to the motion, the Commission on July 7, 1993, entered an order for the examination.
7. Plaintiff was examined by Dr. Whitehurst on August 30, 1993, and Dr. Whitehurst conducted a thorough examination of the Plaintiff. Unfortunately, Dr. Whitehurst also viewed the surveillance report and photographs, which were sent to him exparte. He stated in his report that his opinions were based in part upon the surveillance materials provided to him. Accordingly, his opinions are also tainted and must be stricken from consideration by the undersigned.
8. What the undersigned are left with are several other doctors who support Plaintiff's claim that he remains totally disabled at this time. As treatment is ongoing with hopes for some improvement and relief, the undersigned are unable to say that Plaintiff is permanently and totally disabled at this juncture.
9. Further, Exhibit #3 documents Plaintiff's trips to the Geisinger Clinic for treatment from the period of time from 1983 through 1993. By the time of the initial hearing, Plaintiff had documented 5,602 miles which have not been reimbursed by defendant. It is twenty miles from Plaintiff's home to the Clinic.
10. Plaintiff needs continuing psychological/psychiatric treatment as well as Pain Management Treatment, which will assist him in becoming more functional in his daily living and quality of life and therefore will tend to give relief to some extent for his chronic pain condition. Plaintiff is clinically depressed secondary to chronic pain which is a result of his compensable on the job injury.
The foregoing stipulations and findings of fact engender the following
CONCLUSIONS OF LAW
1. Plaintiff remains totally disabled at this time and is entitled to continuing total disability compensation pursuant to G.S. § 97-29 until further order of the Commission. Dr. Gioffre's as well as Dr. Whitehurst's opinions to the contrary must be stricken from consideration by the undersigned due to their tainted nature based upon ex parte submission to these doctors of a surveillance videotape for consideration in forming their opinions. Salaam v. N.C. Dept. of Transportation, 122 N.C. App. 83,468 S.E.2d 536 (1996). Accordingly, the opinions of Drs. Snover, Longo, Paolucci, Andrexchic, and Lin are accepted as credible and convincing by the undersigned as to Plaintiff's continuing total disability. As Plaintiff will continue undergoing treatment which is designed to effect a cure, give relief, or lessen his period of disability, the undersigned do not find him to be permanently and totally disabled at this time.
2. Plaintiff shall be entitled to mileage reimbursement for the full 5,602 miles of travel which have accrued over eleven years of visits to the Geisinger Clinic.
3. Plaintiff is entitled to payment for all psychological/psychiatric as well as pain management in an in-patient pain clinic as the medical treatments recommended by Dr. Longo and Paolucci, as such treatment will tend to effect a cure, give relief, or lessen plaintiff's period of disability. G.S. § 97-2(19); 97-25. Drs. Longo and Paolucci shall further be authorized as plaintiff's treating specialists G.S. § 97-25.
4. Plaintiff is entitled to continue to receive at the rate currently being paid by defendant total disability compensation weekly, subject to the attorney's fee spelled out below, until further order of the Commission.
5. Plaintiff's counsel is entitled to a reasonable attorney's fee of twenty-five percent (25%) or every fourth check of compensation due Plaintiff.
6. Since this case was defended on reasonable grounds, an attorney's fee pursuant to G.S. § 97-88.1, as requested by plaintiff, is in the discretion of the undersigned, not warranted.
Based upon the foregoing findings of fact and conclusions of law,
AWARD
1. Defendants shall pay plaintiff for mileage reimbursment for the full 5,602 miles of travel which have accrued over eleven years of visits to the Geisinger Clinic.
2. Defendants shall pay for all psychological/psychiatric treatment as well as pain management (including an in-patient clinic if still prescribed) medical treatments recommended by Drs. Longo and Paolucci are further HEREBY AUTHORIZED as plaintiff's treating specialists and shall be paid by defendants accordingly for services rendered.
3. Defendants shall continue to pay plaintiff total disability compensation at the compensation rate currently being paid until further order of the commission, subject to the attorney's fee awarded below.
4. Every fourth check shall be deducted and paid directly to plaintiff's counsel.
5. Defendant shall pay the costs due the Commission.
This case is ORDERED REMOVED from the Full Commission docket.
This the ________ day of _________________ 1998.
 S/ __________________ J. HOWARD BUNN, JR. COMMISSIONER
CONCURRING:
S/ _________________ LAURA K. MAVRETIC COMMISSIONER
S/ _________________ PHILLIP A. HOLMES DEPUTY COMMISSIONER
JHB:kws
01/02/98